IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIA RAESHEL SCOTT,

    Plaintiff,

v.

HERBERT H. JOSEPH, M.D.,

    Defendant.

Case No.: RWT 10cv809

## MEMORANDUM OPINION

Plaintiff Tia Scott has filed a pro se Complaint alleging that Defendant Dr. Herbert Joseph fraudulently issued an invoice in connection with a medical examination that Plaintiff contends was not performed. See Compl. 2(a) (Paper No. 1). Because payment was not made, the bill was referred to a collection agency and subsequently a collection law firm, which allegedly injured Plaintiff's credit history and credit record. See id. at 2(a)–(b). Plaintiff seeks compensation in the amount of $15,000.00 for damages and an injunction requiring Dr. Joseph to "eradicate the fallacious debt from Tia Scott's credit report." Id. at 3.

Defendant has filed a Motion To Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. See Def.'s Mot. To Dismiss (Paper No. 4). Plaintiff filed an opposition, see Pl.'s Opp'n (Paper No. 7), and Defendant filed a reply and an amended reply, see Def.'s Am. Reply (Paper No. 9). Plaintiff has also moved for leave of court to file a surreply, see Pl.'s Mot. for Leave To File Surreply (Paper No. 12), which the Court will deny by separate order based on its conclusions herein.

This Court has no basis for exercising subject matter jurisdiction over this case. The Complaint states that jurisdiction is based on a federal question without identifying a single

federal statute or provision of the United States Constitution. See Compl. 1–3. In her opposition, Plaintiff states that jurisdiction is based on 18 U.S.C. § 1347, 18 U.S.C. § 24, and 18 U.S.C. § 1035. See Pl.'s Opp'n 2. None of these provisions, however, confers subject matter jurisdiction in a civil case. Section 1347 provides for criminal liability for health care fraud. See 18 U.S.C. § 1347. Section 24 defines the meaning of "federal health care offense" and a "health care benefit program" in the context of criminal statues addressing federal health care offenses. See id. § 24. Section 1035 provides for criminal liability in connection with knowingly making false statements in connection with the delivery of or payment of health care benefits. See id. § 1035. None of these statutory provisions creates a private civil cause of action. Because the lawsuit does not allege a federal question and diversity of jurisdiction does not exist, this Court lacks subject matter jurisdiction over it. For this reason, the Court will dismiss the Complaint by separate order.

Date: July 14, 2010 

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE